**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | |
|---|---|
| STATE OF DELAWARE | ) |
| | ) |
| V. | ) |
| | ) ID No.: 89008208DI |
| RICHARD JACKSON, | ) |
| | ) |
| Defendant | ) |

Submitted: September 14, 2018
Decided: November 28, 2018

Defendant's Successive
Motion for Postconviction Relief.
**DENIED.**
Motion to Withdraw as Counsel for
Petitioner Richard Jackson.
**GRANTED.**

**ORDER**

This 28th day of November 2018, upon consideration of Defendant's Fourth

Motion for Post Conviction Relief, it appears to the Court that:

1.     On April 9, 2018, Defendant Richard Jackson filed his present Motion

for Postconviction Relief under De. Super. Ct. Rule 61, requesting assignment of

counsel and an evidentiary hearing.  Pursuant to the motion and request for counsel,

the Court arranged for the appointment of counsel.  Pursuant to the appointment,

counsel undertook a thorough investigation of the claims and ultimately has moved

to withdraw representation on grounds that Defendant's arguments do not support a

1

claim for relief under Rule 61. The Court will deny the Rule 61 motion and grant counsel's motion to withdraw.

2. Trial in this matter took place in March, 1990. It involved an incident that occurred in the Defendant's apartment in October, 1989. The gist of the controversy for these purposes is that Mr. Jackson claimed he had a consensual sexual encounter with the complaining witness; she claimed it was rape. A more expansive review of the facts were chronicled by the Delaware Supreme Court in its Opinion affirming the convictions.[1]

3. There have been three previous motions under Rule 61.[2] One such motion resulted in a second Supreme Court Opinion.[3] By the terms of Rule 61, Defendant's current petition is procedurally barred unless the motion either "(i) pleads with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted," or (ii) pleads with particularity that a new, retroactively applicable constitutional rule applies to the movant's case and renders a conviction or death sentence invalid.[4]

---

[1] *Jackson v. State*, 600 A.2d 21 (Del. Super. 1991).

[2] D.I. 23; D.I. 31; D.I. 43.

[3] *Jackson v. State*, 663 A.2d 487 (Del. Jul. 19, 1995) (ORDER).

[4] Del. Super. Ct. Crim. R. 61(d)(2).

4.       This motion was a bit different from the ordinary, in that the Defendant included a letter from the Federal Bureau of Investigation, addressed to the Defendant. Enclosed within that letter was a second letter forwarded to Mr. Jackson that the FBI had sent to the Attorney General of Delaware.[5] That letter explains that in an extensive review of its records, the FBI has determined that its expert analyst on microscopic hair comparisons may have overstated the results of its examination by testifying to the conclusiveness of microscopic hair samples in making an identification.

5.       The FBI letter does not automatically create a "strong inference" that the defendant is "actually innocent." But it is not insignificant either. So the Court ordered that counsel be appointed in order to review the transcript of proceedings and to advocate whether an argument for a strong inference of actual innocence could be made.[6]

6.       Counsel having now conducted a review of all of the proceedings, as well as the correspondence from the FBI, has briefed the Court in detail on the results of counsel's review. As made clear in counsel's motion to withdraw, the defendant's defense was that there was indeed a sexual incident on the night in question

---

[5] D.I. 59.

[6] D.I. 63.

3

involving the complaining witness, but that it was consensual. The presence of the victim's hair in the apartment was not controversial or inconsistent with the defendant's defense. So while the FBI expert may have overstated the certainty of the comparison of the hair found in the apartment to the known head hairs of the victim, the identity of the victim or her presence at the apartment at the time of the offense was not contested. The testimony was at worst cumulative of the testimony of both the defendant and the complainant, as well as other witnesses, that the complainant was in the apartment that night.

7. The Court has also independently reviewed the transcript of the trial and concurs with the judgement of appointed counsel. The microscopic hair analysis may have established the victim's presence at the scene, but the defendant gave a statement and testified at trial admitting to the victim's presence in his apartment; that fact was never controverted.

8. The Court has also provided Defendant with the opportunity to supplement counsel's motion to withdraw with whatever else he wishes to say about the matter. The Court did receive correspondence from the Defendant, but it adds nothing new or different to the pleadings already made, either now or in his prior motions for relief.

9. Based upon the Court's review of the record and the separate review of counsel appointed for Defendant, the Court concludes that Defendant's fourth

petition for relief under Rule 61 does not present facts that show a "strong likelihood" that the Defendant is "actually innocent." The motion will therefore be denied pursuant to the procedural default provision of Rule 61(d)(2). Counsel's motion to withdraw is granted pursuant to Rule 61(e)(7).

**IT IS SO ORDERED.**

Charles E. Butler, Judge